UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BOYER, <br><br> Plaintiff, <br><br> v. <br><br> WYOMING BOROUGH et al., <br><br> Defendant. | CIVIL ACTION NO. 3:19-CV-00242 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

This civil rights action was initiated by Plaintiffs Tamra Smith[1] and Robert Boyer on February 12, 2019, by the filing of a complaint against Defendants Wyoming Borough and Michael Mulvey. (Doc. 1). Now before the Court is non-party Mayor Joseph Dominick's ("Dominick") Motion to Quash Plaintiff's Subpoena to Joseph Dominick filed on May 14, 2024 (Doc. 92) and Plaintiff Robert Boyer's ("Boyer") Cross-Motion to Compel Compliance with Subpoena, Hold Mr. Dominick in Contempt of Court, and Award Costs. (Doc. 95). For the following reasons, Dominick's motion to quash (Doc. 92) will be **DENIED** and Boyer's motion to compel will be **DENIED** as **MOOT**. (Doc. 95).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual background is taken from the complaint. (Doc. 1). Dominick is the current mayor of the Wyoming Borough. In 2017, Dominick defeated Boyer in a Wyoming Borough's mayoral election. (Doc. 1, ¶¶ 7, 8). Shortly before the election, Defendant Michael Mulvey ("Mulvey"), a Pennsylvania State Trooper, opened an investigation into Boyer and filed a complaint against him with the Luzerne County Bureau

---

[1] On August 30, 2019, Tamra Smith was terminated from this action.

of Election. (Doc. 1, ¶¶ 10-13). In response, Boyer filed a complaint against Mulvey. (Doc. 1, ¶ 15). In the complaint, Boyer "expressed concern that Mulvey was conducting vexatious investigations for personal and political purposes." (Doc. 1, ¶ 15). Notably, Mulvey's mother-in-law Lynette Villano ('Villano") campaigned on behalf of Dominick. (Doc. 1, ¶¶ 10-13).

Several months later, after Dominick had beaten Boyer and won the election, Mulvey presented a search warrant application for Boyer's residence along with a sworn affidavit of probable cause to Magisterial District Judge Joseph J. Carmody. (Doc. 1, ¶ 40). According to Mulvey, Boyer had violated the Pennsylvania Public Official and Employee Ethics Act ("Ethics Act"). (Doc. 1, ¶ 42). Boyer's residence was subsequently searched, and items were seized pursuant to the search warrant. (Doc. 1, ¶¶ 68, 69). Boyer alleges the search warrant contained material omissions and material misstatements. (Doc. 1, ¶¶ 65-71). The following lawsuit ensued.

On February 12, 2019, Boyer filed the instant lawsuit with co-Plaintiff Tara Smith, who since has been terminated from this action. (Doc. 1). On May 14, 2024, Dominick filed a motion to quash the subpoena. (Doc. 92). On May 28, 2024, Dominick filed a brief in support of his motion to quash. (Doc. 93). On June 3, 2024, Boyer filed a cross motion to compel Dominick's compliance with the subpoena, as well as a brief in support of his motion to compel and a brief in opposition to Dominick's motion to quash. (Doc. 95; Doc. 96; Doc. 97). On June 7, 2024, Dominick filed a brief in opposition to Boyer's motion to compel. (Doc. 98). On June 8, 2024, Boyer filed a reply brief in support of his motion to compel. (Doc. 99). Accordingly, the motions are fully briefed and ripe for disposition.

## II.  LEGAL STANDARDS

A. M̲O̲T̲I̲O̲N̲ ̲T̲O̲ ̲C̲O̲M̲P̲E̲L̲

Rulings regarding the proper scope of discovery are matters consigned to the Court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel a party to comply with discovery obligations and specifically provides that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). "Once that initial burden is met, 'the party resisting the discovery has the burden to

establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.' " *Prime Energy & Chem., LLC v. Tucker Arensber P.C.*, No. 2:18-CV-0345, 2022 WL 1642394, at *4 (W.D. Pa. May 24, 2022) (quoting *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009)).

B. MOTION TO QUASH A THIRD PARTY SUBPOENA

Federal Rule of Civil Procedure 45 governs subpoenas. A subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1). Rule 45(d)(3)(A) requires a court, upon motion, to quash or modify a subpoena that, among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). The party moving to quash the subpoena "bears a 'heavy burden' of demonstrating that an enumerated basis for quashing the subpoena exists." *Malibu Media, LLC v. Doe*, No. 4:15-CV-2281, 2016 WL 524248, at *2 (M.D. Pa. Feb. 10, 2016). "The decision whether to quash, modify or condition a subpoena is within the district court's discretion." *Moyer v. Berdanier*, No. 3:CV-11-1811, 2013 WL 704483, at *3 (M.D. Pa. Feb. 26, 2013) (quoting 9A Wright & Miller, Federal Practice & Procedure § 2463.1 (3d ed. 2008)).

"'Generally speaking, a party does not have standing to quash a subpoena served on a third party.'" *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001); *see also Davis v. Gen. Accident Ins. Co. of Am.*, No. 98–4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999) ("Ordinarily, only the non-parties whom were served with the subpoenas may move to have them quashed under Federal Rule of Civil Procedure 45([d])(3)(A)."). As a general rule, a

motion to quash a third-party subpoena must be brought by the third party itself. *See First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001)).

### III.     DISCUSSION

According to Boyer, "discovery in this case has repeatedly gone at a snail's pace." (Doc. 96, at 3). In January 2024, Boyer issued a subpoena for Dominick, a non-party to this action, and requested the production of various discoverable materials. (Doc. 96, at 4). The subpoena subjects Dominick to a deposition and seeks:

> 1) All communications (text messages, emails, social media, and/or any web-based application messages) with Trooper Michael Mulvey concerning Robert Boyer and/or Tamra Smith.
>
> (2) All documents concerning any investigation of Robert Boyer and/or Tamra Smith, including but not limited to any/all communications (text messages, emails, social media, and/or any web-based application messages) with any member of law enforcement or any other investigative body.

(Doc. 97-3, at 3).

The parties dispute whether Dominick must comply with the subpoena. For the following reasons, the Court concludes he must.

Seeking to quash the subpoena under Federal Rule 45(d)(3)(A), Dominick argues that it is overly burdensome and broad because it does not contain a date range for the request and directs the production of documents that are already otherwise available to Boyer. (Doc. 93, at 4, 9; Doc. 98, at 3, 5). Additionally, Dominick avers the subpoena is not narrowly tailored but instead is "a blanket request seeking unspecified information" and is unfair because compliance requires a non-party to "take time from work." (Doc. 93, at 4, 9; Doc. 98, at 3, 5). Dominick also asserts that the information sought by the subpoena is irrelevant to the instant lawsuit, as this action stems from the allegedly improper conduct by Mulvey and his

- 5 -

search of Boyer's home. (Doc. 93, at 7-9; Doc. 98, at 5). Thus, according to Dominick, the subpoena is simply an attempt "to harass [Boyer's] former political rival." (Doc. 93, at 4, 9; Doc. 98, at 3, 5).

It is well-settled that decisions pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. See *R.J. Reynolds Tobacco v. Philip Morris Inc.*, 29 F. App'x 880, 881 (3d Cir. 2002). Here, it is undisputed that Dominick is not a party to this action. "[I]f the subpoenaed non-party claims protections under 45(d)(3)(B) or asserts that disclosure would subject it to undue burden under 45(d)(3)(A), the subpoenaed non-party must show that disclosure will cause it a 'clearly defined and serious injury.'" *Etzle v. Glova*, No. 3:22-CV-00139, 2023 WL 2578254, at *4 (M.D. Pa. Mar. 20, 2023) (quoting *City of St. Petersburg v. Total Containment, Inc.,* Case No. 06–CV–20953, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008)); see also *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014). While Dominick asserts complying with the challenged subpoenas would cause him undue burden, he does not provide any rationale from which this Court could conclude requiring his compliance with the subpoena would cause a clearly defined serious injury. (Doc. 93, at 4; Doc. 98). The closest thing Dominick argues by way of an injury is an assault on his time, as "Dominick works full time, he is the Mayor of Wyoming Borough, sits on the Wyoming Area Regional Police Commission, coaches his daughter in softball and has family vacations and other commitments planned from Memorial Day to Labor Day." (Doc. 93, at 10). Further, despite Dominick's argument otherwise, it is not readily apparent to the Court that the information sought by the subpoena is not relevant to the needs of this case, especially considering the liberal scope of discovery as defined by Rule 26. Because the counts in the complaint appear

to be somehow related to Boyer's political career, including his 2017 mayoral race against Dominick, the Court is not convinced that messages between Mulvey and Dominick are irrelevant and beyond the scope of discovery. (Doc. 1, ¶¶ 9-12, 16). Accordingly, Dominick's motion to quash is **DENIED**. (Doc. 92).

Because Dominick's motion to quash will be denied, Boyer's motion to compel will be **DENIED** as **MOOT**. (Doc. 95). Under Rule 45, "the subpoenaing party bears the initial burden to establish the relevance of the material sought, and then the burden shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected material under Rule 45." *L.W. v. Lackawanna Cty., Pa.*, No. 3:14-CV-1610, 2015 WL 1499865, at *1 (M.D. Pa. Apr. 1, 2015) (citing *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014)). In his briefing, Boyer maintains that the challenged subpoena seeks information that is relevant, but he does not elaborate as to how and why. (Doc. 96, at 8-9; Doc. 97). Accordingly, the Court has serious concerns regarding whether Boyer has met his burden in asserting his motion to compel. (Doc. 95, Doc. 96, at 8-9). However, as Boyer's motion to compel is now moot considering the Court's ruling on Dominick's motion to quash, the Court will not opine on the substance of Boyer's motion, including his request that Dominick be held in contempt. (Doc. 95).

### IV.   CONCLUSION

For the foregoing reasons, the Court will **DENY** Dominick's motion to quash (Doc. 92) and **DENY AS MOOT** Boyer's motion to compel. (Doc. 95). An appropriate Order will follow.

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**